**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BIG O TIRES, LLC, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>LEGACY BANK, ACB, et al., )<br>)<br>    Defendants. ) | Case No.  CIV-08-0461-F |

## ORDER

"Defendant Paul Anderson's Motion to Dismiss Plaintiff's First Amended Complaint" is before the court. (Doc. no. 31.) The motion has been briefed and is ready for determination.

The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___, 127 S.Ct. 1955, 1969,1974 (2007). To survive a motion to dismiss, a plaintiff must nudge his claims across the line from conceivable to plausible. *Id*. The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. <u>Ridge at Red Hawk</u>, 493 F.3d at 1177. In conducting its review, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. *Id*.

The action alleges three theories of liability: federal trademark infringement; federal statutory and common law unfair competition; and negligence. Defendant moves for dismissal of this action in its entirety, on three grounds.

The first ground is defendant's contention that the complaint does not allege Paul Anderson was the moving force causing the alleged trademark infringement. Defendant concedes the Tenth Circuit has not addressed this issue. Furthermore, 15 U.S.C. §1114(1)(a) requires "use," "in commerce," without the consent of the owner, of "any reproduction, counterfeit, copy or colorable imitation of a registered mark in connection with the sale...of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive;...." Tenth Circuit cases summarizing trademark infringement claims under 15 U.S.C. § 1114(1) do not include a requirement that plaintiff show defendant was the moving force that caused the infringement. *See*, First Savings Bank, F.S.B. v. First Bank System, Inc., 101 F.3d 645, 651 (10th Cir. 1996)("The unauthorized use of any reproduction, counterfeit, copy, or colorable imitation of a registered mark in a way that is likely to cause confusion in the marketplace concerning the source of the different products constitutes trademark infringement," citations omitted.). The court rejects defendant's first argument in support of dismissal.

Defendant's second argument is that unsupported conclusory allegations are not taken as true for purposes of a motion to dismiss. Defendant argues that there are no allegations that Mr. Anderson had knowledge of the trademarks or of the infringing activity, rather, the complaint only alleges that the collective "defendants" had actual knowledge of the trademarks. The complaint, however, includes an allegation that defendant Legacy Bank "ran" four particular Big O franchise locations "with the assistance of OTF and Anderson." (Doc. no. 11, ¶ 20.) The complaint further alleges that "Until recently, Legacy and OTF and Anderson ran the Locations with the Marks and Trade Dress...both displayed and sold at the Locations...." (Doc. no. 11, ¶ 21.) Defendant argues that the allegation Mr. Anderson assisted Legacy in running these four store locations is so general that it is insufficient to state a claim. The court disagrees. Paragraphs 20 and 21 of the complaint allege meaningful, factual details

in support of the claims against Mr. Anderson, including the contention that he had actual knowledge of the trademarks in question.  Defendant also argues that these conclusory allegations are inconsistent.  The court finds, however, that the allegations are not so inconsistent as to require the court to disregard them or to dismiss this action.  The court rejects defendant's second argument for dismissal.

Third, defendant argues that the complaint fails to give fair notice of the claims because it fails to differentiate among the three defendants, merely alleging, instead, violations of the Lanham Act by the defendants as a group.  Although allegations which refer to a group of defendants in the plural without further differentiation may, in certain circumstances, be unsatisfactory,[1] the use of the collective "defendants" in this complaint is a far cry from those types of circumstances.  Here, there are only three defendants and only three types of claims.  The complaint contains allegations that refer to each of the three defendants by name.  At least some alleged facts indicate the level of each defendant's involvement in the events giving rise to this action.  The court rejects defendant's third argument in support of dismissal.

The complaint alleges a plausible cause of action against defendant Anderson.  Mr. Anderson's motion to dismiss is **DENIED**.  Mr. Anderson's answer shall be filed within fifteen days of the date of this order.

Dated this 2nd day of December, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0461p007(pub).wpd

---

[1] *See*, Meek v. Torossian, 2002 WL 32026156, *9 (W.D. Okla. 2002) (complaint alleging 17 counts against various combinations of defendants was recklessly inclusive and inherently vexatious; allegations multiplied the proceedings within the meaning of 28 U.S.C. § 1927).